**Jasbir Singh BHATTI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–71461.

I & NS No. A40–101–043.

United States Court of Appeals, Ninth Circuit.

Argued April 13, 2001.

Submitted Aug. 8, 2001.

Decided Nov. 14, 2001.

Before SCHROEDER, Chief Judge, D.W. NELSON and RAWLINSON, Circuit Judges.

MEMORANDUM *

Jasbir Singh Bhatti petitions for review of an order of the Board of Immigration Appeals finding him removable as an aggravated felon under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). Petitioner was convicted on April 16, 1998 of driving under the influence of alcohol for the third time, in violation of Nevada Revised Statutes § 484.379.

In *United States v. Trinidad–Aquino,* 259 F.3d 1140 (9th Cir.2001), we held that driving under the influence of alcohol and causing bodily injury, in violation of California Vehicle Code § 23153, is not a "crime of violence" as defined in 18 U.S.C. § 16. We reasoned that § 23153 can be violated through negligence, whereas a "crime of violence" can be committed only with a mental state of at least recklessness. *See Trinidad–Aquino,* 259 F.3d at 1144–1146.

Like § 23153, Nevada Revised Statutes § 484.379 can be violated through negligence. It follows that a violation of § 484.379 is not a "crime of violence." We therefore hold that Bhatti was not convict-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.